Leonard v. Leonard, 204 Ill. App. 375.

trial court in denying defendants' motion for change of venue cannot be deemed to be on the ground of want of reasonable notice when the notice is served at two o'clock of the day before that of the hearing of the motion, and the parties are represented at such hearing and no longer notice is required or usually given, and there is no complaint of insufficient notice.

————————

## In the Matter of the Petition of Florence Ferguson Leonard, Appellee, v. Iza D. Leonard, Judgment Creditor, Appellant.

### Gen. No. 22,157.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded with directions. Opinion filed March 20, 1917.

### Statement of the Case.

Petition by Florence Ferguson Leonard, petitioner, to be discharged under the Insolvent Debtors' Act against Iza D. Leonard, judgment creditor, respondent. From an order releasing the debtor, the creditor appeals.

MORTON H. EDDY and CHARLES F. MCKINLEY, for appellant.

No appearance for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

376    APPELLATE COURTS OF ILLINOIS.

Ohio Salt Co. v. Baltimore & Ohio R. Co., 204 Ill. App. 376.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 293*—*when judgment debtor may not be released from custody.* The County Court has no authority to enter an order releasing a judgment debtor from the custody of the sheriff under a writ of *capias ad satisfaciendum* issued upon a judgment in tort where malice was the gist of the action.

2. EXECUTION, § 285*—*when affidavit is not required for issuance of a capias ad satisfaciendum.* Under Hurd's Rev. St. 1913, ch. 77, sec. 62 (J. & A. ¶ 6809), an affidavit is not required for the issuance of a *capias ad satisfaciendum* upon a judgment in tort.